# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMBEDDED REPS OF AMERICA, LLC, a Pennsylvania limited liability company, and JAMES MAZZOLA,<br>  585 Deer Pointe Road<br>  West Chester, PA 19382<br><br>        PETITIONERS<br><br>        v.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland Corporation,<br>  6801 Rockledge Drive<br>  Bethesda, MD 20817<br><br>        RESPONDENT. | Case: 1:22–mc–00077<br>Assigned To : Bates, John D.<br>Assign. Date : 8/12/2022<br>Description: Misc.<br><br>CIVIL ACTION # |

## PETITION TO ENFORCE ARBITRATION SUMMONS

Petitioners Embedded Reps of America, LLC and James Mazzola (collectively "Petitioners") allege as follows against Respondent Lockheed Martin Corporation ("Respondent" or "Lockheed"):

### PARTIES

1. Petitioner Embedded Reps of America, LLC ("EROA") is a Pennsylvania limited liability company engaged in the business of acting as an independent sales representative to manufacturers, with its principal place of business located at 585 Deer Pointe Road, West Chester, Pennsylvania.

2. Petitioner James Mazzola is an individual and the President, Manager, sole Member, and owner of EROA, and is a resident of Pennsylvania.

1

3. Petitioners are plaintiffs and counterclaim defendants in an arbitration being conducted before a single arbitrator, Hon. Edward P. Leibensperger (Ret.) ("Arbitrator"), employed by JAMS, Inc. (formerly known as Judicial Arbitration and Mediation Services, Inc.) ("JAMS").

4. Lockheed is a Maryland Corporation, with a principal place of business at 6801 Rockledge Drive, Bethesda, Maryland 20817.

5. Mercury Systems Inc. ("Mercury") is a Massachusetts Corporation, with a principal place of business at 50 Minuteman Road, Andover, Massachusetts; and is a defendant and counterclaim plaintiff in the JAMS Arbitration.

6. Petitioners, Mercury, and Lockheed are each a citizen of different states.

## JURISDICTION AND VENUE

7. This is a proceeding to enforce a summons issued in an arbitration between Petitioners and Mercury under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy between Petitioners and Lockheed concerns Lockheed's failure to produce documents whose value exceeds $75,000, exclusive of interest and costs. Similarly, the amount in controversy between Petitioners and Mercury in the Arbitration exceeds the sum or value of $75,000, exclusive of interest and costs.

9. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because this Petition concerns Lockheed's failure to obey a summons concerning an arbitration hearing noticed to be conducted by the Arbitrator in this district, at 115 F. Street Northwest, Suite 1150, Washington, D.C. 20004 ("JAMS Washington D.C. Office").

## THE UNDERLYING ARBITRATION

10.     This proceeding arises from an arbitration between Petitioners and Mercury, styled *Embedded Reps of America, LLC & James Mazzola v. Mercury Systems, Inc.*, JAMS Arbitration No. #1425035619 (the "Arbitration").

11.     In the Arbitration, Petitioners allege, among other things, that Mercury breached its written contract with Petitioners by failing to pay commissions on sales Mercury made to Lockheed.

## THE SUMMONS TO RESPONDENT

12.     On June 29, 2022, the Arbitrator in the Arbitration issued an arbitration summons to Lockheed (*see* Exhibit 1).  This summons required the Keeper of Records or Officer, Manager, or General Agent of Lockheed ("witness") to appear as a witness before the Arbitrator on July 14, 2022, at the JAMS Washington D.C. Office and to bring documents kept by Lockheed in the course of its business as identified in the summons's Schedule A.

13.     Lockheed's witness had to travel less than 100 miles from where the witness was employed or regularly transacts business in person to appear at the Arbitration hearing.  *See* Fed. R. Civ. P. 45(c)(1).

14.     The summons provided that in lieu of personal appearance at said hearing, Lockheed could produce the documents listed in Schedule A, certified as authentic, to counsel for the parties to the Arbitration (as listed in the summons) on or before July 12, 2022, or on or before a date agreed to by counsel for Petitioners.

15.     The summons also included a copy of the Stipulated Protective Order signed by counsel for Petitioners, Mercury, and the Arbitrator that provided confidentiality protection to all information or documents obtained pursuant to the summons.  *See* Ex. 1, Sch. A, ¶ a. & Sch. B.

16. The summons sought a report or reports sufficient to summarize the total value of purchase orders placed per year (or on another cumulative basis) by Lockheed with Mercury for six defined U.S. Department of Defense programs for 2016, 2017, 2018, and 2019, as well as similar corresponding cumulative shipment reports and invoice reports. *See* Ex. 1, Sch. A, ¶¶ 1, 2, 3.

17. The summons also sought a document or documents sufficient to identify the approximate dates when Lockheed chose Mercury as a subcontractor to supply the equipment that Lockheed purchased from Mercury under the same six programs in the same time period. *See* Ex. 1, Sch. A, ¶ 4.

18. The summons also sought a document or documents sufficient to identify Lockheed's selection of Mercury as a subcontractor to provide the equipment that Lockheed purchased from Mercury under the same six programs in the same time period, and it identified by name the Lockheed employees who likely created the relevant selection documents. *See* Ex. 1, Sch. A, ¶¶ 5, 6, 7, 8, 9.

19. Finally, the summons sought a purchase forecast document from Lockheed, also known as a "*buy plan*," for each of the six programs for the same years in question concerning the projected purchases by Lockheed from Mercury.

20. Thus, Lockheed could satisfy its obligation to produce responsive records by producing a single responsive document per topic for each program per year.

21. On July 5, 2022, the summons was served by Petitioners on Lockheed's agent for service of process.

22. By emailed letter dated July 13, 2022, Lockheed acknowledged service, objected to the summons, and requested a meeting with Petitioners' counsel to further discuss Lockheed's

response, including to potentially narrow the scope of information sought and a reasonably extended timeframe for production.

23. On July 14, 2022, Petitioners' counsel conducted a meet-and-confer conference by telephone with Lockheed's counsel and Litigation Case Manager, resulting in Lockheed agreeing to produce certified records in lieu of personal appearance at the hearing and Petitioners agreeing to reasonably extend the time for Lockheed to comply with the summons, while Lockheed and Petitioners agreed they would attempt to reach a compromise over Lockheed's remaining objections.

24. In particular, Petitioners clarified for Lockheed the limited nature of the records sought by the summons to correct Lockheed's misreading of the scope of the requests.

25. Essentially, Petitioners' requests seek summary purchase information that defense contractors in the industry routinely maintain by program and documents that Lockheed deems sufficient to address when it selected Mercury as a subcontractor for each of the programs, that reflect that it did in fact make that selection, and how much it had forecasted it was going to buy from Mercury for each of those programs.

26. Lockheed asserted, in part, that searching for responsive documents concerning the six U.S. Department of Defense programs that were the subject of the summons would "yield too many hits," and that Lockheed was unable to limit the search without further information.

27. Lockheed failed to inform Petitioners how it arrived at this assertion, whether it had attempted any search for records, how any such search was conducted, or how many hits an initial search actually yielded.

28. Nonetheless, in furtherance of Lockheed's position, Lockheed's counsel

specifically requested Petitioners to provide *Prime Contract Award* numbers[1] or purchase order numbers related to the purchase orders for which Petitioners were claiming the right to commissions in the Arbitration, which would allow Lockheed to narrow its search.

29. On July 15, 2022, Petitioners' counsel provided the requested report to Lockheed's counsel by email, specifying the Prime Contract Award numbers or purchase order numbers for each of the programs at issue, with one exception, and for that last program, provided a part number instead. The email correspondence providing this report invited Lockheed's counsel to contact Petitioners' counsel if there was any further need to meet and confer before complying with the summons. *See* July 15, 2022 Email from S. Sanders to C. Emens (attached as Ex. 2); Email Attachment, Memo. of Prime Contract and Purchase Order Numbers (attached as Ex. 3).

30. Petitioners' counsel again contacted Lockheed's counsel by email on July 20, 2022, to inquire as to the status of Lockheed's production, but Lockheed's counsel did not respond for eight more days.

31. By email dated July 28, 2022, Lockheed's Litigation Case Manager finally responded, but indicated that Lockheed's objections were unchanged.

32. In response, Petitioners' counsel agreed to withdraw more than half the items requested in the summons, namely, Request Nos. 2, 3, 5, 7, 9, and 10, offered to meet and confer about any further issues beyond that, and requested that Lockheed's counsel promptly respond. *See* Aug. 1, 2022 Letter from S. Sanders to C. Emens (attached as Ex. 4). No response was ever received from Lockheed, up through the filing of this Petition.

---

[1] A Prime Contract Award is a U.S. Department of Defense award authorizing a prime contractor such as Lockheed to build certain military equipment and sell it to the Department of Defense.

## THE SUMMONS SEEKS KEY DATA NOT BURDENSOME TO PRODUCE

33. The key documents sought in the summons are relevant and material to prove Petitioners' claims for unpaid commissions in the Arbitration and can substantially be broken down into two categories: (1) Lockheed summary records that reflect the value of the equipment that Lockheed purchased from Mercury for each of the six defense programs at issue in the Arbitration; and (2) very limited documents that reflect that Lockheed chose Mercury as a subcontractor on these programs, and when that occurred.

34. The purchasing records should be relatively simple to produce. Most large corporations — Lockheed no doubt included — prepare and keep quarterly and annual reports on orders, shipments, invoices, and payments. That type of data could be simply produced. By way of example, another non-party manufacturer in the defense industry to which the Arbitrator issued a summons the same day as the one issued to Lockheed produced similar purchasing records on July 12, 2022, less than two weeks after having the summons served on it. The reports were not voluminous, since they were summaries, and were easily produced.

35. Likewise, the confirmation documents sought reflect basic information kept by businesses in this industry, such as in sales database management or customer relationship management software (*e.g.*, *Salesforce*™ and *Oracle NetSuite*™), or are reflected in a single email composed at the time Lockheed's selection was announced to Mercury for each program. A simple inquiry to the involved employee already identified in the summons should quickly reveal a document that reflects the requested information. Lockheed's objections are not well-founded.

## TIME IS OF THE ESSENCE

36. Petitioners have reasonably accommodated Lockheed's request for additional time to respond to the summons and have further narrowed the scope of their requests to reach a

7

reasonable compromise.

37. Lockheed's timely compliance with the arbitration summons is critical because the Arbitrator has scheduled the final evidentiary hearing in this matter to commence on September 12, 2022, with all documentary evidence identified, absent compelling circumstances, on or before August 24, 2022.

**WHEREFORE**, Petitioners Embedded Reps of America, LLC and James Mazzola respectfully request that this Court enter an Order:

A. Compelling compliance with the arbitration summons as provided in 9 U.S.C. § 7 by producing all documents responsive to requests 1, 4, 6, and 8 in the arbitration summons by August 24, 2022, or by such other time as the Court deems just and proper; and,

B. Granting such other and further relief as may be appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 12, 2022

/s/ *Geoffrey M. Klineberg*
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Hannah D. Carlin (D.C. Bar No. 1719743)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gklineberg@kellogghansen.com

Dated: August 12, 2022

/s/ *Vincent N. DePalo*
Vincent N. DePalo, Esq. (BBO# 689090)*
SMITH DUGGAN BUELL & RUFO LLP
101 Arch Street, Suite 1950
Boston, MA 02110

Tel: (617) 228-4400<br>
Vincent.DePalo@SmithDuggan.com

*Attorneys for Petitioners, Embedded Reps of America, LLC and James Mazzola*

\* Application for appearance *Pro Hac Vice* to be filed

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of August 2022, I served the foregoing on the following counsel via Email:

Thomas Hunt
HOGAN LOVELLS US LLP
8350 Broad Street
Tysons, Virginia
Thomas.hunt@hoganlovells.com

Danielle N. Hart
Robert Pezzimenti
Rotary and Mission Systems
LOCKHEED MARTIN CORPORATION
6801 Rockledge Drive
Bethesda, Maryland 20817
danielle.n.hart@lmco.com
robert.pezzimenti@lmco.com

/s/  Geoffrey M. Klineberg
Geoffrey M. Klineberg (D.C. Bar No. 444503)
Hannah D. Carlin (D.C. Bar No. 1719743)
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
gklineberg@kellogghansen.com

9

/s/ *Vincent N. DePalo*
Vincent N. DePalo, Esq. (BBO# 689090)*
SMITH DUGGAN BUELL & RUFO LLP
101 Arch Street, Suite 1950
Boston, MA 02110
Tel: (617) 228-4400
Vincent.DePalo@SmithDuggan.com

*Attorneys for Petitioners, Embedded Reps of America, LLC and James Mazzola*

* Application for appearance *Pro Hac Vice* to be filed

10